Matter of Abigail X. (2026 NY Slip Op 01104)

Matter of Abigail X.

2026 NY Slip Op 01104

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-25-0089
[*1]In the Matter of Abigail X., Appellant.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Empire Justice Center, Albany (M. Lettie Dickerson of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York City (Evan M. Gilbert of counsel), for New York City Anti-Violence Project and another, amici curiae.

McShan, J.
Appeal from that part of an order of the Supreme Court (James Walsh, J.), entered December 6, 2024 in Saratoga County, which, in a proceeding pursuant to Civil Rights Law § 60, denied petitioner's request to seal court records.
Petitioner is a transgender individual who commenced this Civil Rights Law article 6 proceeding to change his name and to seal the court record of this proceeding. Supreme Court granted the name change but denied his sealing request, finding that a list of "public interest concerns" outweighed petitioner's safety concerns.[FN1] Asserting that the court abused its discretion in denying his sealing request, petitioner appeals.
We are once again confronted with the denial of a sealing request in a Civil Rights Law article 6 proceeding — by the same Supreme Court justice — predicated on amorphous "public interest concerns." As was the case in those appeals, we once again modify the order to grant petitioner's sealing request. As we recently indicated, "nothing in the statute conditions sealing the record of the name change proceeding upon an applicant's financial circumstances or the status of unrelated civil litigation" (Matter of Timothy C., 242 AD3d 1483, 1484 [3d Dept 2025]). Rather, "whether to grant or deny a sealing request under Civil Rights Law § 64-a depends solely upon the potential for harm to the applicant arising from public access to a court record of the applicant's name change proceeding" and "a court abuses its discretion by relying upon real or theoretical 'public interest concerns' to deny a Civil Rights Law § 64-a sealing request" (id.; see Civil Rights Law § 64-a [1]; Matter of Cody VV. [Brandi VV.], 226 AD3d 24, 27-29 [3d Dept 2024]). Said directly, "[t]o decline to seal the record despite the applicant's showing of jeopardy is to place the applicant at risk of the very harms the statute is meant to guard against" (Matter of Kieran B., 242 AD3d 1486, 1487 [3d Dept 2025]).
Petitioner in this case affirmed his transgender status and indicated that he was seeking to change his name to one that reflects his male gender identity in conformance with the name he uses in his personal and professional life. Petitioner also expressed fear that exposure to the records from this proceeding would effectively expose his transgender status and expose him to increased risk for hate crimes, harassment and other discrimination. Those circumstances warrant entitlement to have the record of his name change proceeding sealed pursuant to Civil Rights Law § 64-a (see Matter of Kieran B., 242 AD3d at 1488; Matter of Christopher C., 242 AD3d 1485, 1485-1486 [3d Dept 2025]; Matter of Timothy C., 242 AD3d at 1485) and "Supreme Court abused its discretion here when it again invoked an inapplicable standard to arrive at the opposite conclusion" (Matter of Kieran B., 242 AD3d at 1488).
Garry, P.J., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof [*2]as denied petitioner's request to seal court records; application granted to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: That list "includ[ed], but [was] not limited to, the due process of any judgment creditors, the effects upon powers of attorney, any unknown implications with Article 81 proceedings, the due process in foreclosure actions, deed recordation and title insurance, mortgages recorded with the County Clerk's office, probate matters, interference with single scope background investigations for security clearance purposes or firearm authorizations, and lastly, any adverse impact upon future genealogical research." Supreme Court further cited the potential for prejudice to a litigant in a future proceeding that was merely theoretical at the time of this proceeding.